United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50943
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MCLLOYD ONUOHAH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-2009-ALL-DB
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

McLloyd Onuohah (Onuohah) appeals his sentence for one count

of wire fraud and two counts of mail fraud, violations of 18

U.S.C. §§ 1343 and 1341. Onuohah argues that the district court

misapplied the United States Sentencing Guidelines and erred in

denying him a minor role adjustment pursuant to U.S.S.G. § 3B1.2.

Section 3B1.2 provides for a two-point reduction in the

offense level if the defendant was a minor participant. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.S.G. § 3B1.2. A "minor participant" is defined as one who is substantially "less culpable than most other participants, but whose role could not be described as minimal." *See* U.S.S.G. § 3B1.2, comment. (n.5). As Onuohah was directly involved in finding suppliers for the fraudulent checks and directly involved in delivering the checks to the person who was to negotiate them, his role in the offense cannot be said to have been "peripheral to the advancement of the illicit activity." *See* United States v. Thomas, 932 F.2d 1085, 1092 (5th Cir. 1991). Accordingly, the district court did not clearly err in refusing to adjust Onuohah's offense level under U.S.S.G. § 3B1.2. *See* United States v. Deavours, 219 F.3d 400, 404 (5th Cir. 2000).

AFFIRMED.